[No. 3,130.]

## EX PARTE PETER FREDERICK BULL, ALIAS PETER WILSON, ON HABEAS CORPUS.

COMMITMENT BY A JUSTICE OF THE PEACE—DISCHARGE.—A commitment by a Justice of the Peace holding a party to appear before a Grand Jury to answer upon a charge of murder, must state the name of the person alleged to have been murdered. But the omission of such name is not such a defect as will entitle the accused to be discharged on habeas corpus.

DISCHARGE FOR FAILURE TO INDICT.—Where a party who has been held to answer upon a criminal charge is not indicted by the Grand Jury at the term of Court next after his commitment, he is entitled to be discharged, unless good cause be shown for his further detention.

GOOD CAUSE FOR DETENTION OF PARTY ACCUSED OF CRIME.—The facts constituting good cause for the detention of a party not indicted at the next

term, must, in a great measure, be left to the discretion of the Court, to be determined by the particular circumstances of each case; and their sufficiency, or insufficiency, cannot be examined by the Supreme Court through the instrumentality of a writ of habeas corpus.

INSUFFICIENT CAUSE FOR DETAINING A PRISONER.—The mere recommendation of a Grand Jury, that such party be detained to answer before another Grand Jury, is not of itself good cause for his detention.

PRESUMPTION AS TO DISCRETION OF COURT.—Where the record shows that the accused was detained upon the recommendation of the Grand Jury alone, the usual presumption that the discretion of the Court was exercised upon sufficient grounds, cannot be indulged.

APPLICATION to Mr. Justice WALLACE, for an order to discharge the prisoner from the custody of the Sheriff of El Dorado County.

The facts are stated in the opinion of the Court.

*George E. Williams*, for Applicant.

By the Court, WALLACE, J.:

It appears by the petition and return to the writ, that the petitioner is detained in custody by the Sheriff of El Dorado County:

1. By virtue of an order of commitment in the following words:

"State of California, County of El Dorado.  The People of the State of California, to the Sheriff of the County of El Dorado: An order having this day been made by me, that Peter Frederick Bull, alias Peter Wilson, be held to answer upon a charge of murder committed on the 12th day of October, A. D. 1871, at Placerville Township, you are hereby commanded to receive him into your custody, and detain him until he be legally discharged.

"Witness my hand officially, at Placerville, this 24th day of October, A. D. 1871.

"L. D. MARKS,

"Justice of the Peace."

2. By virtue of certain proceedings had in the County Court of El Dorado County: These proceedings show that a Grand Jury was regularly impaneled in that Court on the sixth day of November, and sworn to inquire into and true presentment make of all public offenses triable within the County of El Dorado, of which they might obtain legal evidence; the petitioner, as being a person held to answer, and charged with the commission of a public offense, appearing under the direction of the Court, and interposing a challenge to the panel, which was overruled.

The Grand Jury thus impaneled having entered upon their duties, and subsequently having made their final report to the Court, and not having found an indictment against the petitioner, were discharged from further service. The petitioner, thereupon, moved the Court " that he be discharged from custody, on the ground that the Grand Jury just discharged had failed to find any indictment against him." This motion was resisted by the District Attorney, who presented to the Court a recommendation of the Grand Jury just discharged, which recommendation was indorsed upon the warrant of commitment above recited, and was in the following words: " We, the Grand Jury, beg leave to refer the case of Peter Frederick Bull, alias Peter Wilson, to the next Grand Jury, and we recommend that he be held to answer before the next Grand Jury of El Dorado County. H. B. Newell, Foreman of the Grand Jury. George M. Norton, Jr., Secretary." The record then proceeds as follows: " Thereupon the Court, without further or other cause than said recommendation being shown by the District Attorney, denied the motion of said Wilson to be discharged from custody, and granted the motion of the District Attorney; and it is ordered by the Court that the case of the said Peter Wilson be referred to the next Grand Jury, and that he be remanded to the custody of the Sheriff of said county, to await the action of the next Grand Jury."

1. It is clear that the commitment issued by the Justice of the Peace is insufficient, in that it fails to state the name of the person alleged to have been murdered, or to state that the name of such person was unknown. (Cr. Pr. Act, Sec. 169.) But the petitioner is not entitled to be discharged merely by reason of this defect. (Act of Habeas Corpus, Sec. 21.)

2. The statute provides that "when a person has been held to answer for a public offense, if an indictment be not found against him at the next term of the Court at which he is held to answer, the Court shall order the prosecution to be dismissed, unless good cause to the contrary be shown." (Art. 1,783.)

The case in which a dismissal of the prosecution is *not* to follow upon the non-presentment of an indictment against the accused is exceptional—the accused has a right to depart, "unless *good cause* to the contrary be shown." This general provision of the statute, that the prisoner is not to be held indefinitely, is designed to secure to him a speedy trial, and this right is absolute, except some good cause be shown which may be supposed to take the case out of the operation of the general rule. What is "good cause," may be difficult to define with precision, since it must, in a great measure, be determined by reference to the particular circumstances appearing in each case. There should, undoubtedly, be some fact or circumstance disclosed to the Court upon which its authority in this respect, somewhat discretional, could be brought into exercise. Its discretion is not to be arbitrary, but should proceed upon such knowledge or information as would enable it to determine for itself whether or not public justice requires the further detention of the prisoner, notwithstanding the delay upon the part of the prosecution. It must be admitted, too, I think, that ordinarily this discretion when exercised by the Court to which the law has intrusted it, is not subject to review, and that when

exercised, the sufficiency or insufficiency of the grounds upon which it proceeded could not be examined here through the instrumentality of a writ of habeas corpus. The presumption that the discretion had been correctly exercised would ordinarily arise, if the record should state in terms that good cause appeared; so, too, if the record should recite a particular fact, or several facts, as being the facts upon which the Court had proceeded in ordering the detention of the prisoner, the import of such fact or facts as being sufficient or insufficient to amount to "good cause" would not be accurately weighed in this proceeding—it would rather be presumed that there were other existing facts not affirmatively disclosed upon the record which would support the action of the Court in making the order.

But in the case before me there can be no doubt that the circumstance upon which the Court acted in detaining the prisoner, was, in itself, wholly and absolutely insufficient to support the order. The Grand Jury, just discharged, had *recommended* that the prisoner be detained; *therefore,* he was detained. The record, too, states that the detention was "*without further or other cause than said recommendation* being shown by the District Attorney;" so that there is no room here for the indulgence of a presumption of the existence of some other and sufficient ground upon which the order might be supported.

The Grand Jury seem, in this instance, to have assumed the exercise of the discretion which belonged alone to the Court, and the Court seems to have made the order in mere deference to the expressed opinion of the Grand Jury, and without any investigation or information concerning the circumstances of the case before it. The statement that the order was made for no other cause than the mere presentation of this recommendation, is equivalent to the recital upon the record that no good cause—no cause at all—was

Points decided.

shown, and where that condition appears there is no power to detain the prisoner.

It is, therefore, ordered that the prisoner be discharged from custody, and that a copy of this order be transmitted to the Sheriff of the County of El Dorado forthwith.

RHODES, C. J., and CROCKETT, J., concurring:

We have been consulted by Mr. Justice WALLACE upon the questions discussed by him in the foregoing opinion, and we concur in his views.