[No. 813.]

## Ex Parte W. D. ISBELL.

HABEAS CORPUS, SECTIONS 581 AND 583 CRIMINAL PRACTICE ACT CONSTRUED. Where petitioner had been held to answer before the grand jury for the crime of murder, the grand jury had met and ignored the charge, and the court, upon sufficient cause shown, ordered that he be held to appear before the next grand jury: *Held*, that petitioner was not entitled to his discharge under the provisions of sections 581 and 583 of the Criminal Practice Act (1 Comp. L. 2206, 2208) upon a writ of habeas corpus.

IDEM.—ORDER SUBMITTING CASE TO ANOTHER GRAND JURY.—DISCRETION OF JUDGE.—Where it appears that the court adjudicated upon the facts, the presumption arises that the facts were of such a character as to warrant the court in the exercise of its sound legal discretion to make the order.

IDEM.—RECITALS IN RECORD.—It being recited in the record that the order resubmitting the case to the next grand jury, was made because "sufficient cause" was shown, the presumption is, in the absence of any showing to the contrary, that the court did not act arbitrarily in the premises.

HABEAS CORPUS, WHEN WRIT SHOULD NOT ISSUE.—When it appears from the facts set out in the petition, that there is no sufficient ground to grant the relief asked for, the writ should not be issued.

ADMISSION TO BAIL UPON CHARGE OF MURDER.—A *nisi prius* court has the right, upon the application of a petitioner, who is charged with murder, and whose case has been resubmitted to another grand jury, to hear the testimony and decide for itself whether the proof of defendant's guilt was evident or the presumption great.

IDEM.—APPLICATION TO OTHER COURTS.—When it appears that the presiding judge has acted upon petitioner's application for bail, no other court or

judge would be warranted in discharging petitioner or admitting him to bail, unless it clearly appeared that the presiding judge had acted arbitrarily in the premises.

APPLICATION for a writ of habeas corpus before HAWLEY, C. J., at Chambers.

The facts are stated in the opinion.

*W. N. Granger*, for Petitioner.

HAWLEY, C. J.  This is an application for a writ of habeas corpus.  The petitioner claims that he is unlawfully imprisoned, detained, confined and restrained of his liberty by the sheriff of Nye county.  In his petition he shows that he was confined in the county jail of Nye county by virtue of a commitment issued on the tenth day of August, 1876, by a justice of the peace of said county, charging him with the crime of murder; that a grand jury of said county was thereafter regularly impaneled and sworn; that after examining the charge against petitioner, the grand jury, on the twenty-third day of August, 1876, reported to the district court that they found no bill against the petitioner, and that thereupon the court made the following order: "It is hereby ordered that * * W. D. Isbell * * be held to appear before the next grand jury of Nye county, Nevada, upon sufficient cause having been shown the court why the case of the State of Nevada against said parties should be resubmitted to another grand jury.  And it is further ordered, that the sheriff of Nye county, Nevada, do keep and hold said parties in custody until such meeting of the next grand jury, and proceedings thereby, or to the further order of this court or judge."

That on the twenty-fourth day of August, 1876, petitioner applied to the judge of the district court to be admitted to bail, and his application was denied.  The petitioner contends that these facts show that his present confinement and restraint is illegal, and he asks "to be either discharged from such confinement and restraint upon his own recognizance or admitted to bail."  This application is based upon the provisions of sections 581 and 583 of the

criminal practice act.    Section 581 reads as follows:
"When a person has been held to answer for a public
offense, if an indictment be not found against him at the
next term of the court at which he is held to answer, the
court shall order the prosecution to be dismissed, unless
good cause to the contrary be shown."    (1 Comp. L. 2206.)

Section 583 provides, among other things, that if the de-
fendant be not indicted as provided in section 581, "and
sufficient reason therefor be shown, the court may order the
action to be continued from term to term, and in the mean-
time may discharge the defendant from custody on his own
recognizance, or on the recognizance of bail, for his appear-
ance to answer the charge at the time to which the action is
continued."    (1 Comp. L. 2208.)    There is nothing in
either of these sections that would authorize me to grant
the relief asked for, upon the facts presented in the peti-
tion.    Petitioner would only be entitled to his discharge
upon the ground that no good cause had been shown to
warrant the court in making the order resubmitting the
cause to the next grand jury.    "Sufficient cause having
been shown," is recited in the record as the reason why the
order was made.    From this it appears that the court adju-
dicated upon the facts presented before it, and the presump-
tion necessarily arises that the facts were of such a charac-
ter as to fully warrant the court, in the exercise of its sound
legal discretion, to make the order.

In *Ex parte* Bull it appeared from the record that upon
the motion of the district attorney an order was made,
upon the recommendation of the grand jury, that the peti-
tioner be held to answer before the next grand jury, and
that no other or further cause was shown.    The supreme
court discharged the petitioner because the circumstances
upon which the court acted in detaining him were "wholly
and absolutely insufficient to support the order."    Wallace,
J., in delivering the opinion, after citing the provisions
of the statute (identical with the statutes of this state) says:
"The case in which a dismissal of the prosecution is not to
follow upon the non-presentment of an indictment against
the accused is exceptional, the accused has a right to

depart, unless good·cause to the contrary be shown." This general provision of the statute, that the prisoner is not to be held indefinitely, is designed to secure to him a speedy trial; and this right is absolute, except some good cause be shown which may be supposed to take the case out of the operation of the general rule. What is "good .cause," may be difficult to define with precision, since it must, in a great measure, be determined by reference to the particular circumstances appearing in each case. There should, undoubtedly, be some fact or circumstance disclosed to the court upon which its authority in this respect, somewhat discretional, could be brought into exercise. Its discretion is not to be arbitrary, but should proceed upon such knowledge or information as would enable it to determine for itself whether or not public justice requires the further detention of the prisoner, notwithstanding the delay upon the part of the prosecution. It must be admitted, too, I think, that ordinarily this discretion, when exercised by the court to which the law has intrusted it, is not subject to review, and that when exercised, the sufficiency or insufficiency of the grounds upon which it proceeded could not be examined here through the instrumentality of a writ of habeas corpus. The presumption that the discretion had been correctly exercised would ordinarily arise, if the record should state in terms that good cause appeared; so, too, if the record should recite a particular fact, or several facts, as being the facts upon which the court had proceeded in ordering the detention of the prisoner, the import of such fact or facts as being sufficient or insufficient to amount to 'good cause,' would not be accurately weighed in this proceeding; it would rather be presumed that there were other existing facts not affirmatively disclosed upon the record which would support the action of the court in making the order." (42 Cal. 199.)

This is, in my judgment, a very clear and correct interpretation of the general rule that ought to govern courts in deciding cases of this character. Applying these rules to the case under consideration there is no difficulty in determining what ought to be done with this application. The

court below having stated that the order, resubmitting the case to the next grand jury, was made because "sufficient cause" was shown, I am bound to presume, in the absence of any showing to the contrary, that it did not act arbitrarily in the premises. As it appears, from the statements set forth in the petition, that there is no sufficient ground to grant the relief asked for, it is my duty not to issue the writ. (*Ex parte Deny*, 10 Nev. 213.) The petitioner bases his right to be admitted to bail, solely under the provisions of the statute upon the facts set forth in his petition, and it seems to me quite clear that he is not, upon such facts, as matter of right, entitled to be admitted to bail by virtue of said provisions. Having been charged with murder and committed for that offense, petitioner is not entitled to bail if "the proof is evident or the presumption great." (1 Comp. L. 2123.)

Ordinarily, the fact that a grand jury has investigated the charge and refused to find a bill ought to be sufficient to satisfy a court that the proof is not evident nor the presumption great, but notwithstanding such action upon the part of the grand jury the court, in a case like this, would have the right, and it would be its duty, upon the application of petitioner, to hear the testimony and decide for itself whether the proof of the defendant's guilt was evident or the presumption great. This is a question upon which courts and judges are invested with a legal discretion, which is, at all times, to be exercised with sound judgment upon a full consideration of all the facts and circumstances of each particular case, and when it appears that the presiding judge has acted, no other judge would be warranted in discharging the petitioner or admitting him to bail, unless it clearly appeared that the presiding judge had acted arbitrarily in the premises and thereby abused his discretion.

The writ is denied.