[No. 10,974.   Department One. — May 2, 1884.]

# EX PARTE EDWARD MOAN ON HABEAS CORPUS.

CRIMINAL LAW — HABEAS CORPUS — COMMITMENT AND EXAMINATION BY JUSTICE OF
THE PEACE. — Where one charged with murder has been arrested and taken
before the magistrate who issued the warrant, and by him committed for exam-
ination, he may be examined and held to answer by another magistrate of the
same county, without a second warrant of arrest, although it does not appear
why the prisoner was not examined before the magistrate issuing the warrant.

ID. — SUFFICIENCY OF COMMITMENT. — The justice of the peace before whom the
prisoner was examined made the following order: "It appears to me that the
offense of manslaughter has been committed, and that there is sufficient cause
to believe the within-named Edward Moan guilty thereof; I order that he
be held to answer to the same, and that he be admitted to bail in the sum of
two thousand five hundred dollars." *Held*, that the commitment was sufficient
under section 872 of the Penal Code.

ID. — SETTING ASIDE INFORMATION. — Where a defendant was arraigned and pleaded
not guilty, and did not move to set aside the information, he is precluded from
afterwards taking the objection that he had not been examined and committed
as required by law, and is not entitled to a discharge on habeas corpus, after
trial and conviction, even if he had not been legally committed.

ID. — INFORMATION — EFFECT OF DISMISSAL OF BILL BY GRAND JURY. — The examina-
tion and dismissal of a bill by the grand jury does not take away the right of
the district attorney to file an information for the same offense within the
statutory time.

APPLICATION for writ of habeas corpus.

The facts are stated in the opinion of the court.

*E. M. Gibson*, and *Welles Whitmore*, for Petitioner.

*S. P. Hall*, contra.

MORRISON, C. J. — This is an application for discharge on
habeas corpus, founded on the following state of facts: —

On the 25th day of September, 1883, a complaint was filed
before one Emil Nusbaumer, a justice of the peace of Oakland
township, charging the petitioner with the crime of murder, and
thereupon he was arrested on the following day, and taken
before the magistrate issuing the warrant, by whom an order of
commitment for examination was made.

On the 1st day of October, 1883, the petitioner was taken
before another justice of the peace of the same township, by
whom he was examined and committed, but no warrant for his
arrest was issued by the latter magistrate.

1. It is claimed, on behalf of the petitioner, that the magistrate who issued the warrant, and *he alone,* had power to examine the case; that the second magistrate had no jurisdiction over the case, and that all proceedings had before him were therefore void. The reason why the petitioner was taken before a magistrate other than the one issuing the warrant does not appear, and therefore is simply a matter of conjecture. The following is the provision of the Penal Code bearing upon this subject:—

"If the offense charged is a felony, the officer making the arrest must take the defendant before the magistrate who issued the warant, or some other magistrate of the same county, as provided in section eight hundred and twenty-four." (See § 821, Pen. Code.)

Section 824 of the same Code is as follows:—

"If on the admission of the defendant to bail, the bail is not forthwith given, the officer must take the defendant before the magistrate who issued the warrant, or, in case of his absence or inability to act, before the nearest or most accessible magistrate in the same county, and must at the same time deliver to the magistrate the warrant with his return thereon indorsed and subscribed by him."

All this was done, and the magistrate before whom the petitioner was taken was, as has already been stated, of the same township and county.

By section 826 of the same Code it is provided that, "if the defendant is brought before a magistrate other than the one who issued the warrant, the depositions on which the warrant was granted must be sent to that magistrate, or if they cannot be procured the prosecutor and his witnesses must be summoned to give their testimony anew." It is claimed here that to give the magistrate before whom the petitioner was examined and held to answer, jurisdiction, it was necessary for a complaint to be made, and to have another warrant issued. We do not think so. The second magistrate had jurisdiction in this case without a second warrant of arrest. The defendant was already before him, and he had full power under the provisions of the Code to proceed with, examine the case, and hold the party to answer. We are, therefore, of the opinion that the petitioner should not be discharged on this ground.

2. In the next place it is contended that there was no commitment in this case. We find the following order:—

"It appearing to me that the offense of manslaughter has been committed, and that there is sufficient cause to believe the within-named Edward Moan guilty thereof, I order that he be held to answer to the same, and that he be admitted to bail in the sum of two thousand five hundred dollars.

"Dated October 1, 1883.

"A. M. CHURCH,

"Justice of the Peace."

We think that the commitment was sufficient under section 872 of the Penal Code. But even if it were not, it does not follow that the defendant is entitled to a discharge on habeas corpus.

The defendant was prosecuted by information in the Superior Court of Alameda County, and was found guilty of the crime of manslaughter. By section 995 of the Penal Code it is provided that an information must be set aside by the court in two cases only.

1. When, before the filing thereof, the defendant had not been legally committed by a magistrate; and

2. When the information is not signed by the district attorney of the county.

By the following section it is provided that if a motion to set aside the information is not made, the defendant is precluded from afterwards taking these objections.

When the defendant in this case was arraigned and pleaded not guilty, and did not move to set aside the information, he was thereby precluded from taking the objection that he had not been examined and committed in the manner required by law.

3. The third ground relied upon by the petitioner is that the charge against him had been presented to the grand jury, and the bill dismissed. The contention is that by virtue of section 942 of the Penal Code the dismissal of the bill by the grand jury was an end of the prosecution without an order of the court re-submitting it.

By section 1382 of the same Code it is provided that "the court, unless good cause to the contrary is shown, must order

the prosecution to be dismissed in the following cases: First, when a person has been held to answer for a public offense, if an indictment is not found, or an information filed against him within thirty days thereafter."

The information was filed by the district attorney within thirty days after the commitment of the defendant, and we think the district attorney had a right under the statute to file it. The previous action of the grand jury in examining the case, and ignoring the bill, did not take away his statutory right. (See *Ex parte Clark*, 54 Cal. 415.)

4. The last point made is that the information does not charge any offense. We think there is a crime charged in the information, and therefore the point is not well taken. Our judgment is that the prisoner should be remanded, and the writ dismissed, and it is so ordered.

McKINSTRY, J., and SHARPSTEIN, J., concurred.