[No. 7,595. In Bank.— May 6, 1884.]

THE NEVADA BANK OF SAN FRANCISCO, PETITIONER, *v.* CHARLES STEINMITZ, TREASURER, ETC., RESPONDENT.

65  219<br>108  15

WRIT OF ERROR TO SUPREME COURT OF THE UNITED STATES—SUPERSEDEAS.—
Where the Supreme Court of the State in an original mandamus proceeding grants a peremptory writ, a motion for a new trial operates as a postponement of the time for filing a writ of error and bond for removing the cause to the Supreme Court of the United States, and proceedings to enforce the judgment are stayed by filing the writ of error and bond within sixty days after the disposition of the motion for a new trial.

APPLICATION for the issuance of a writ of mandate according to the previous judgment of the court, notwithstanding the filing of a writ of error and bond.

The facts are stated in the opinion of the court.

*McAllister & Bergin*, for Petitioner.

*Wm. D. Storey*, and *Joseph H. Skirm*, for Respondent.

MYRICK, J. — This is a motion by the plaintiff that a writ of mandate issue according to the judgment of this court.

On the 17th of November, 1882, this court rendered judgment in favor of plaintiff that it was entitled to a writ of mandate as prayed for. A petition for rehearing was denied December 16, 1882. The defendant moved for a new trial, which was denied November 27, 1883. A writ of error for the removal of the cause to the Supreme Court of the United States was allowed and filed January 23, 1884, and on the same day a bond approved by the chief justice of this court was filed.

It thus appears that the writ of error and bond were not filed within sixty days after the judgment awarding the writ of mandate, but were filed within sixty days after the order denying the motion for a new trial. The point for determination is, whether the writ of error and bond operate as a supersedeas. Section 1007 of the Revised Statutes of the United States requires that the writ and bond, to operate as a supersedeas, must be lodged in the clerk's office, where the record remains, within sixty days after the rendering of the judgment complained of.

We are of opinion that, for the purposes of the present motion, the motion for a new trial operated as a postponement of the time for filing the writ of error and bond until the disposition of that motion, and as they were filed within sixty days after such disposition, a stay of proceedings on the judgment was effected.

The motion is denied.

MORRISON, C. J., and McKEE, J., concurred.

THORNTON, J., concurred in the order.

ROSS, J., and SHARPSTEIN, J., dissenting. — A supersedeas is a statutory remedy, and can only be obtained by a compliance with all the required conditions. By the express language of the act of Congress, in order to obtain such supersedeas, a copy of the writ of error must be lodged for the adverse party in the clerk's office, where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law. In the present

case it is not claimed that this was done. Said the court in *Sage* v. *Central R. R. Co.* 3 Otto, 417 : "Time is an essential element in the proceeding, and one which neither the court nor the judges can disregard. If a delay beyond the time limited occurs, the right to the remedy is gone, and the successful party holds his judgment or decree freed and discharged from this means of staying proceedings for its collection or enforcement."

The matter being regulated by the statutes of the United States, we are unable to see what the proceedings on motion for a new trial in the State court have to do with it. In our opinion the petitione^ is entitled to the writ adjudg     im.