[No. 13642. In Bank. — August 2, 1890.]

## JOHN T. GIBSON, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CERTIORARI — EXTENSION OF TIME TO ANSWER — VACATING DEFAULT — JUDGMENT — REMEDY BY APPEAL. — The writ of *certiorari* will not lie to review an order refusing to vacate an order setting aside a judgment by default on the ground that the default was properly taken because the time allowed under the statute in which to answer had expired, and an order made extending the time beyond the number of days allowed by statute was void, since the court had jurisdiction to set aside the judgment by default, regardless of its jurisdiction over the extension of time, and the only remedy is by appeal from the order of the court.

ID. — REVIEW OF VOID ORDERS EXTENDING TIME — APPEAL. — Void orders extending the time to answer cannot be set aside in a proceeding to review an order refusing to vacate an order setting aside a default; but if, on appeal, it should appear, from the transcript, that the order extending the time went further than the law allowed, the petitioner would be entitled to the benefit resulting from such facts.

APPLICATION for a writ of *certiorari* to annul certain orders of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Welcker & Welcker*, for Petitioner.

*Smith & O'Keefe*, and *J. H. Moore*, for Respondent.

WORKS, J. — This is an application for a writ of *certiorari*. The petitioner obtained a judgment by default in the court below. The court subsequently, on application of the defendant, set aside the default. Thereafter the petitioner moved the court to vacate the order last named, and his motion was denied. He claimed, in support of this petition, that his default was properly taken, because the time allowed by statute for the defendant to answer had expired, and also the time for which the court below might have extended the time, and that

the court had made an order extending the time to answer beyond the time allowed by law. It is insisted that the court below had no power to extend the time beyond the number of days allowed by the statute, and that therefore it had no jurisdiction to set aside the order defaulting the defendant. But this does not follow. It may be conceded that the court had no jurisdiction to extend the time within which to answer beyond the time fixed by the statute, but it had jurisdiction to set aside a default, whether such extension of time had been granted, or attempted to be granted, or not. If the default was set aside on the ground that the time within which to answer had been extended and the court had no jurisdiction to grant such extension, the order setting aside the default, and the subsequent order denying the petitioner's motion to vacate the same, might, for that reason, have been erroneous, but there was no want of jurisdiction in the court to make the orders. The remedy of the petitioner, if he has any, is by appeal, not by *certiorari.*

We are also asked to set aside the orders made by the court below extending the time within which the defendant might answer, but this we cannot do in a proceeding of this kind, and if it were done, it would serve no useful purpose. If the petitioner should appeal his case, and it should appear in the transcript that the order extending time went further than the law allowed, he would be entitled to the benefit, if any, resulting from such facts on the appeal.

Writ and motion denied.

Fox, J., Sharpstein, J., McFarland, J., and Thornton, J., concurred.