### WOODS *et al. v.* LINDVALL.

#### *(Circuit Court of Appeals, Eighth Circuit.* October Term, 1891.)

BILL OF EXCEPTIONS—TIME OF FILING.
  In those districts where the custom prevails of entering judgment immediately upon the rendition of the verdict a bill of exceptions may be allowed and filed at the term in which the motion for a new trial is determined, although such action is taken at a term subsequent to the entry of judgment, and there is no order extending the time for allowing and filing the bill.

In Error to the Circuit Court of the United States for the District of Minnesota.

This is a motion to strike the bill of exceptions from the record for the alleged reason that it was not filed in time to become a part of the record. The case appears to have been tried at the January term, 1891, of the circuit court for the third division of the district of Minnesota. 44 Fed. Rep. 855. The verdict was returned on February 11, 1891, and on the same day judgment was entered on the verdict according to the usual practice in that district. On the following day, pursuant to section 987, Rev. St. U. S., plaintiffs in error asked and obtained a stay of execution for 42 days, to enable them to file a petition for a new trial. During the January term, and within the 42 days, such petition for a new trial was filed, but the January term adjourned *sine die* before the motion was heard or determined. At the succeeding June term, 1891, the petition for a new trial was argued and overruled, and at the same term, to-wit, July 30, 1891, a bill of exceptions was signed, sealed, and filed. The defendant in error duly objected to the allowance of the bill because the trial term had expired. It further appears that no order was entered at the January term, 1891, expressly extending the time for filing the bill to the June term, 1891, nor was any consent given that it might be so filed.

*John M. Shaw* and *W. R. Cray*, for plaintiffs in error.
*John W. Arctander*, for defendant in error.
Before CALDWELL, HALLET, and THAYER, JJ.

THAYER, J., (*after stating the facts as above.*) We are all agreed that the motion to strike out the bill of exceptions should be overruled. It is true that in several cases cited by counsel for defendant in error, to-wit, *Walton* v. *U. S.,* 9 Wheat. 651; *Ex parte Bradstreet,* 4 Pet. 102,

and *Muller* v. *Ehlers*, 91 U. S. 249,—it was held in effect that, in the absence of an order of court extending the time, a bill of exceptions covering errors committed at the trial cannot be allowed and filed (unless by consent of parties) after the term has expired at which the judgment was rendered. But in none of these cases did the question arise whether a bill of exceptions may not be allowed and filed at the term when the motion for a new trial is finally acted on, even though such action is taken at a term subsequent to the entry of judgment; and that is the precise question which confronts us in the case at bar. The authorities cited are either cases in which no motion for a new trial was filed, or in which the bill of exceptions was presented after the lapse of the term at which the motion for a new trial was overruled. According to well-established principles, therefore, the judgments involved had become final at a term preceding that at which a bill of exceptions was tendered. Since the decision in *Rutherford* v. *Insurance Co.*, 1 Fed. Rep. 456, we believe the practice has been uniform in all the districts of this circuit, where the custom prevails of entering judgment immediately on the rendition of verdict, to allow a bill of exceptions during the term at which the motion for a new trial is overruled, even though it happens to be a term subsequent to the entry of judgment. This practice, according to our observation, has become so common that it may be termed a rule of procedure in this circuit. It is a convenient practice. It obviates the necessity of settling a bill of exceptions at the trial term, which is useless labor if a motion for a new trial is continued to and is sustained at the succeeding term. And in these days, when it is customary to take notes of trial proceedings in short-hand, the practice in question is not open to those objections formerly urged against it. We are of the opinion, therefore, that the practice which has hitherto obtained in many districts of the circuit should be upheld unless it is overborne by controlling authority, and we find no such authority. On the contrary, we think the rule requiring bills of exception to be filed at the term when judgment is rendered must be understood to mean the term when the judgment becomes final, and by reason of its becoming final the court loses control of the record. It has been held several times that, if a motion for a new trial is duly filed by leave at the trial term, the judgment does not become final until such motion is determined. *Rutherford* v. *Insurance Co.*, *supra; Brown* v. *Evans*, 8 Sawy. 502, 17 Fed. Rep. 912; *Railway Co.* v. *Murphy*, 111 U. S. 488, 4 Sup. Ct. Rep. 497; *Brockett* v. *Brockett*, 2 How. 238; *Memphis* v. *Brown*, 94 U. S. 716, 717; *Slaughter-House Cases*, 10 Wall. 289. In some of the state courts, also, the precise question of practice now before us has been determined adversely to the defendant in error. Thus, under a statute of the state of Missouri requiring all exceptions to be filed during the term at which they were taken, and all exceptions during the trial of a cause to be embraced in one bill, it has been held that the continuance of a motion for a new trial from the trial term to a succeeding term keeps the record open, prevents the judgment from becoming final, and enables the court to allow a bill of exceptions during the term at which the motion is finally deter-

mined. *Riddlesbarger* v. *McDaniel*, 38 Mo. 138; *Henze* v. *Railroad Co.*, 71 Mo. 636, 644. See, also, *Bank* v. *Steinmitz*, 65 Cal. 219, 3 Pac. Rep. 808. We hold, therefore, that the bill of exceptions in the present case was properly allowed and filed, and we accordingly overrule the motion to expunge it from the record.