(May 6, 1898.)

## In re JOSEPH H. MORAGNE.

[53 Pac. 3.]

HABEAS CORPUS—HOLDING PARTY TO BAIL AFTER CHARGE IS IGNORED BY GRAND JURY.—It is error to hold a party to bail to answer a charge of felony after the charge has been fully and fairly investigated by a grand jury which ignored the charge, in the absence of a showing of improper conduct on the part of the grand jury, and it is not made to appear that other evidence than that considered by the first grand jury, which tends to prove the guilt of the accused, can, with reasonable diligence, be presented to another grand jury to be impaneled at the next term of the district court.

RESUBMISSION OF CRIMINAL CHARGE TO GRAND JURY.—To authorize the resubmission of a charge which has been ignored by one grand jury to another grand jury to be thereafter impaneled, good cause for so doing must be shown.

(Syllabus by the court.)

Original proceeding for writ of *habeas corpus*.

James W. Reid, for Petitioner.

The facts being fully set forth in the opinion, the following authorities are cited: Idaho Rev. Stats., secs. 7666, 7667, 8212, 8213; 4 Deering's Code, secs. 940, 942, 1382, 1383; Idaho Const., art. 1, sec. 8; *Ex parte Bull*, 42 Cal. 196; *Ex parte Clark*, 54 Cal. 412; 1 Bishop's New Criminal Procedure, sec. 870.

Attorney General R. E. McFarland, for the State.

No brief filed.

QUARLES, J.—The petitioner, after notice to the attorney general, made application for a writ of *habeas corpus*. The

matter was fully argued by James W. Reid, for the petitioner, and by the attorney general in opposition. After duly considering the matter, the writ was ordered issued, which was done. To the writ the sheriff has made his return. From the petition and exhibits thereto attached, and the return to the writ, it appears that the petitioner was arrested upon a warrant which issued upon a complaint verified by one L. L. Strang, charging petitioner with the crime of murder, committed in Nez Perces county, by taking the life of one D. A. Kippen; that the petitioner was taken before P. E. Stookey, probate judge of Nez Perces county, who, after a preliminary examination, and on February 14, 1898, held the petitioner to answer the said charge to the district court, and. committed the petitioner to the custody of Thomas D. Barton, sheriff of Nez Perces county; that thereafter, and at the regular March term of the district court of the second judicial district, sitting in and for Nez Perces county, the said charge was fully examined by a grand jury, duly impaneled, which grand jury had before it the depositions taken at the preliminary examination, the testimony taken before the coroner's inquest, and numerous witnesses, which grand jury ignored the said charge, and endorsed on said depositions, "Not a true bill." The petitioner thereupon, through his attorney, moved his discharge, which the court denied. On motion of the district attorney the court then made an order resubmitting the charge to another grand jury, to be impaneled at the next term of the court, to be held in the said Nez Perces county in September, 1898, and held the petitioner to answer any indictment that might be found against him on said charge, fixing his bail at the sum of $8,000. Under the said order and the original commitment, the petitioner is restrained of his liberty, and confined in the jail of Nez Perces county, by said Barton, sheriff.

There is no showing that evidence other than that considered by the grand jury can or will be presented to another grand jury; there is no showing that any additional light tending to show the guilt of the accused can be produced, and there is no showing of improper conduct on the part of the grand jury or any of the grand jurors, or on the part of anyone else, intended to, or tending to, prevent the presentment of an indictment on said charge against the petitioner by said grand jury. We must

therefore conclude, as the records appear to show, that the action of the grand jury in ignoring the said charge was honestly made, after a full and fair investigation and consideration of all of the evidence which was or could be adduced against the defendant, and that such evidence is insufficient to support the said charge, and that no indictment should be based thereon. Sections 8212 and 8213 of the Revised Statutes are as follows:

"Sec. 8212. The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases: 1. When a person has been held to answer for a public offense, if an indictment is not found against him at the next term of the court at which he is held to answer; 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable after it is found.

"Sec. 8213. If the defendant is not indicted or tried, as provided in the last section, and sufficient reason therefor is shown, the court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody on his own undertaking of bail for his appearance to answer the charge at the time to which the action is continued."

The causes for submitting the charge against the petitioner, contemplated by said sections of our statutes, were not shown. In fact, no cause whatever for resubmitting said cause, and holding the defendant to bail, was shown. Said statutes were enacted for the protection of both the state and the accused. But for a court to arbitrarily hold the accused to answer a charge of felony that has been fully and fairly investigated by a grand jury, and dismissed, in the absence of a showing that any further evidence can be produced, or a showing of improper conduct by the jury or jurors, by which a presentment by the grand jury has been defeated, would protect no right or interest of the state, but would work an unauthorized hardship and injustice upon the defendant. Inasmuch as the district court has submitted the charge against the petitioner to another grand jury, to be hereafter called, and this order is not before us for

review, we deem it proper to direct that the defendant be discharged, upon his executing and filing with the clerk of said district court his personal recognizance undertaking, in the sum of $1,000, to answer any indictment that may be found against him on said charge; and it is so ordered.

Sullivan, C. J., and Huston, J., concur.