CARRACCIOLO, PETITIONER, *v.* DISTRICT COURT OF GUAYAMA, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Guayama.

No. 434.—Decided June 6, 1924.

GRAND JURY—INDICTMENT—DISCRETION OF COURT.—When a grand jury has endorsed an indictment as not a true bill, in order that the court may order that it be presented again to another grand jury it is necessary that the motion of the district attorney should set forth the grounds on which it is based, and if the district attorney does not do so and the order sustaining the motion states no reasons, it will be reversed.

The facts are stated in the opinion.
*Mr. M. A. Martínez* for the petitioner.
The adverse party did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On January 23, 1923, an indictment charging Francisco Carracciolo Carrasquillo with murder in the second degree

was submitted to the grand jury of the district of Guayama and after an investigation the grand jury endorsed it "Not a true bill." Thereupon the lower court dismissed the case and discharged the accused. The district attorney forthwith moved for the permission of the lower court to submit the case to another grand jury and the court granted the motion. On March 27, 1923, the accused moved that the case should not be resubmitted to the grand jury for the reason that he had been exonerated from liability by another grand jury. The motion was overruled and the court gave as its only reason for the ruling that "It is well that this case should go up to the Supreme Court in order to establish jurisprudence," as it involved the construction of a new law. The case was submitted for the second time to a grand jury who, after making the corresponding investigation, ignored the charges, whereupon the lower court ordered that the prosecution be dismissed and the accused discharged.

On September 10, 1923, for the third time and without previous leave of the court the district attorney ordered that the accused should be arrested on the same charges and cited for the drawing and impaneling of a grand jury to whom the case would be newly submitted. The accused opposed the submission of his case to another grand jury, first, because the district attorney did not move for leave to do so until after the accused had been cited for the drawing and impaneling of the grand jury and, second, because no reason was stated in the motion of the district attorney why the court should exercise its discretion and submit the case to another grand jury.

The court overruled the objections on the same ground given for denying the first motion of a similar nature, and said:

"The case submitted to the court's consideration is new. The Grand Jury Act is new and has not been construed by our Supreme Court. The court is of the opinion that these cases should be taken up to our Supreme Court so that it may establish jurisprudence on

this matter. The court overrules the motion, without prejudice to the right of counsel for the accused to except to this ruling and take the case to the superior court.''

By virtue of the ruling of the lower court the case was submitted to the grand jury and they found a true bill against the accused for murder in the second degree. Thereafter at the arraignment of the accused he moved for the dismissal of the prosecution for the same reasons given in the previous motions, and the court simply overruled that motion.

These proceedings took place in the lower court and appear from the petition for a writ of certiorari presented here for their review and from the return made to this Supreme Court.

The question involved in this case is the scope of the power vested in the lower court for resubmitting to another grand jury the indictment that had been found not a true bill by a former grand jury. This power is granted by section 39 of the Grand Jury Act of June 18, 1919, as follows:

''Section 39.—That the dismissal of any charge · by the Grand Jury shall bar the submission of the same charge to another Grand Jury, except by order of the court.''

This section seems to have been taken substantially from section 942 of the Penal Code of California, which reads as follows:

''Sec. 942.—The dismissal of the charge does not prevent its resubmission to a grand jury as often as the court may direct. But without such direction it cannot be resubmitted.''

And in the case of *Ex Parte Clarke,* 54 Cal. 413, it was held that the said section must be considered in connection with section 1382 of the said Penal Code, which reads as follows:

''Sec. 1382. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

''1. When a person has been held to answer for a public offense,

if an indictment is not found or an information filed against him, within thirty days thereafter.   *   *   *''

This subsection is equivalent in meaning, although somewhat differently worded, to subdivision 1 of section 52 of our Grand Jury Act, as follows:

''Sec. 52.—*   *   *

''1. Where it is not found, indorsed or presented as prescribed in this Act.''

The rule is that when a grand jury endorses an indictment as not a true bill the prosecution is dismissed and the defendant discharged.   The exception is when notwithstanding this the same charge against the defendant is submitted to another grand jury.   The rule is based on the right of every person not to be held indefinitely on an accusation and is designed to insure him a speedy trial.   The exceptional case of resubmitting the same charge must be based on a ''good cause.''   The statute does not define the exact meaning of these words, but its purpose would seem to be that as it is difficult to define them with precision, they should be defined according to the circumstances surrounding each particular case.   These principles, which were stated in *Ex Parte Bull,* 42 Cal. 199, were elaborated therein as follows:·

''There should, undoubtedly, be some fact or circumstance disclosed to the Court upon which its authority in this respect, somewhat discretional, could be brought into exercise. Its discretion is ° not to be arbitrary, but should proceed upon such knowledge or information as would enable it to determine for itself whether or not public justice requires the further detention of the prisoner, notwithstanding the delay upon the part of the prosecution. It must be admitted, too, I think, that ordinarily this discretion when exercised by the Court to which the law has intrusted it, is not subject to review, and that when exercised, the sufficiency or insufficiency of the grounds upon which it proceeded could not be examined here through the instrumentality of a writ of habeas corpus.''

But in that case it was held to be unquestionable that the fact on which the court based its order was absolutely in-

sufficient. The grand jury had ignored the charges, but at the same time they recommended that the case be submitted to the next grand jury. In considering this fact, which served as a basis for submitting the case to another grand jury, the opinion of the court says:

"The Grand Jury seem, in this instance, to have assumed the exercise of the discretion which belonged alone to the Court, and the Court seems to have made the order in mere deference to the expressed opinion of the Grand Jury, and without any investigation or information concerning the circumstances of the case before it. The statement that the order was made for no other cause than the mere presentation of this recommendation, is equivalent to the recital upon the record that no good cause—no cause at all—was shown, and where that condition appears there is no power to detain the prisoner."

The statute of Idaho is identical with that of California and the Supreme Court of the former State has construed it similarly as in *Ex Parte Clarke, supra,* which is cited in the Idaho decisions.

Section 5323 of the Penal Code of Idaho prescribes that—

"The dismissal of the charge does not prevent its resubmission to a grand jury as often as the court may direct, but without such direction it cannot be resubmitted."

In volume 4 of Idaho Codes Annotated, page 260, appears the following note to said section 5323:

"To authorize the resubmission of a charge which has been ignored by one grand jury to another grand jury, thereafter to be impaneled, good cause for so doing must be shown.—In re Moraghe, (Idaho) 53 Pac. 3. In considering this section and in arriving at the above conclusion, the court construes this section in conjunction with Sections 8212 and 8213 of the Revised Statutes (Sections 5673, 5674 of this Code), and therein are supported by several California cases, among which are Ex parte Moan, 65 Cal. 216, 3 Pac. 644; Ex parte Clarke, 54 Cal. 415."

In the same volume, page 385, there is a note to section 5673 of the Penal Code of Idaho reading as follows:

"It is error to hold a party to bail, to answer a charge of felony, after the charge has been fully and fairly investigated by a grand jury, which ignored the charge, in the absence of a showing of improper conduct on the part of the grand jury, and it is not made to appear that other evidence than that considered by the first grand jury, which tends to prove the guilt of the accused, can, with reasonable diligence, be presented to another grand jury, to be impaneled at the next term of the district court.—In re Moragne (Idaho), 53 Pac. 3. But the examination and dismissal of a bill by a grand jury does not take away the right of the district attorney to file an information for the same offense within the statutory time.— Ex parte Moan, 65 Cal. 216, 3 Pac. 808."

In the absence of statute it seems that the authorities are not agreed as to the power of the Government to resubmit the same charge to a grand jury after the indictment has been returned as not a true bill by one grand jury. But there being a statute expressly prescribing that such resubmission cannot be done without leave of court, the differences of opinion in this connection are unimportant.

"It has been held, even in the absence of a statute, that where a bill of indictment has been ignored or returned 'Not a true bill' by the grand jury, the prosecuting attorney cannot submit another indictment for the same offense without leave of court, which, although. within the discretion of the court, will not be granted unless adequate cause is shown. But, on the contrary, it is held that the prosecuting attorney may, without first obtaining leave of court, submit to one grand jury charges which a previous grand jury has ignored. In some jurisdictions it is expressly provided by statute that, where the grand jury fails to find an indictment, the charge may be again submitted as often as the court may direct, but it shall not be resubmitted without such direction." 31 C.J. 587.

In the present case the motion of the district attorney shows no reason why his motion to submit the indictment to another grand jury should be granted. Likewise, the order of the trial court simply granting the said motion is absolutely devoid of facts or circumstances to justify it. The mere leave of the court, based simply on section 39 of the Grand Jury Act and referring the matter in any event to

the Supreme Court for the interpretation of a new statute, was not justified in itself, and the trial court should have considered the district attorney's motion on its merits and exercised its discretion as the facts of the case required.

We think, however, that considering the nature of the crime charged, it would be better to give the district attorney an opportunity, if he should be so advised in the interests of justice, to state the reasons or facts on which he based his motion to submit the case to another grand jury and the court can exercise its discretion as those facts or reasons demand.

For all of which the order of the trial court of October 29, 1923, must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justice Hutchison concurred.
Justices Wolf and Aldrey dissented.