## CARRACCIOLO, PETICIONARIO, *v.* CORTE DE DISTRITO DE GUAYAMA, DEMANDADO.

No. 434.—*Visto:* Diciembre 17, 1923.  *Resuelto:* Junio 6, 1924.

GRAN JURADO—INVESTIGACIÓN POR OTRO GRAN JURADO—DISCRECIÓN DE LA CORTE PARA ORDENAR QUE SE FORMULE EL MISMO CARGO ANTE OTRO GRAN JURADO. —Cuando un gran jurado ha declarado infundada una acusación, para que la corte pueda ordenar que se presente nuevamente ante otro gran jurado es necesario que la petición del fiscal exponga los motivos en que basa la petición; y cuando el fiscal no lo hace y la orden concediendo el permiso tampoco expone fundamento alguno, la revocación se impone.

ORDEN de *Gabriel Castejón* J. (Guayama), concediendo permiso al fiscal para someter el caso al Gran Jurado. *Certiorari. Revocada y devuelto el caso.*

*M. A. Martínez,* abogado del peticionario. La parte contraria no compareció.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

En 23 de enero de 1923, una acusación por el delito de asesinato en segundo grado fué sometida al Gran Jurado del Distrito de Guayama contra el acusado Francisco Carracciolo Carrasquillo, y después de investigada dicha acusación, el Gran Jurado no encontró fundado el cargo, por lo que la corte inferior sobreseyó la causa, ordenando la libertad del acusado. El Fiscal, acto seguido, solicitó permiso de la corte inferior para someter de nuevo el caso a otro Gran Jurado y la corte accedió a lo solicitado. En 27 de marzo de 1923 el acusado solicitó que el caso no fuese sometido de nuevo al Gran Jurado porque el acusado ya había sido exonerado de responsabilidad por otro Gran Jurado. La moción fué denegada y la corte inferior sostuvo como único motivo que "Conviene que este caso vaya al Tribunal Supremo para sentar jurisprudencia" por tratarse de la interpretación de una nueva ley. El caso fué sometido por segunda vez al Gran Jurado y después de practicada la correspondiente investigación, emitió un informe de acusación infundada, en virtud de lo cual, la corte inferior ordenó el sobreseimiento y la libertad del acusado.

En 10 de septiembre, 1923, por tercera vez, y sin previo permiso de la corte inferior, el Fiscal ordenó ·el arresto del acusado por el mismo cargo y ordenó que fuera citado para el sorteo y constitución de un Gran Jurado para ser sometido el caso nuevamente al mismo. El acusado se opuso a ser sometido a otro Gran Jurado, primero, porque si bien el Fiscal solicitó permiso para la sumisión del caso a otro Gran Jurado, esta petición se hizo ya cuando el acusado había sido citado al sorteo y constitución del Gran Jurado; y, segundo, porque no se ha expuesto ningún fundamento ni razón en la petición del Fiscal mediante la cual la corte podía ejercer su discreción y someter el caso de nuevo a otro Gran Jurado.

La corte inferior denegó la oposición del acusado por el mismo fundamento que declara sin lugar la primera moción en la que se hacía igual petición, diciendo:

"El caso sometido a la consideración de la corte es nuevo; la Ley del Gran Jurado es nueva y todavía no ha sido interpretada por nuestra Corte Suprema. La corte entiende que estos casos deben ser llevados a nuestra Corte Suprema para que ésta dicte jurisprudencia sobre la materia. La corte desestima la moción, sin perjuicio de que por el abogado del acusado se tome excepción, para que se eleve el caso a la Corte Superior."

En virtud de la resolución de la corte inferior, el caso fué sometido al Gran Jurado y éste encontró fundada la acusación presentada contra el acusado por asesinato en segundo grado. Posteriormente, y en el acto de leérsele la acusación, el acusado solicitó el sobreseimiento del caso por los mismos fundamentos alegados en las mociones precedentes y la corte inferior rehusó simplemente acceder a lo solicitado.

Estos procedimientos tuvieron lugar en la corte inferior y así constan de la petición de certiorari que se nos presenta para su revisión y del récord (*return*) que se ha remitido a esta Corte Suprema.

La cuestión envuelta en este recurso es fijar el alcance

del poder que tuvo la corte inferior para someter de nuevo a otro Gran Jurado la acusación que había sido desestimada por otro Gran Jurado. Este poder se concede por el artículo 39 de la Ley No. 58 del Gran Jurado, aprobada en junio 18 de 1919 (p. 303), que dice:

"Sección 39.—La desestimación de cualquier cargo por el Gran Jurado impedirá la sumisión del mismo cargo a otro Gran Jurado, salvo orden de la corte."

Esta disposición parece tomada sustancialmente de la sección 942 del Código Penal de California, que asimismo dice:

"Art. 942.—La desestimación del cargo no impide que se vuelva a someter a un Gran Jurado tantas veces como la corte pueda ordenar. Pero sin tal orden no puede ser sometido nuevamente."

En el caso de *Ex parte Clark,* 54 Cal. 413 se declara que la anterior sección tiene que ser considerada en relación con la sección 1382 del mismo código penal. Y esta sección dice:

"Art. 1382.—La corte, a menos que se muestre una buena causa en contrario, debe ordenar el sobreseimiento de la causa en los siguientes casos:

"1. Cuando la persona queda obligada a responder por un delito público si no ha sido formulada la acusación por el Gran Jurado o no se ha presentado ninguna acusación contra él dentro de los treinta días subsiguientes."

Este inciso equivale, aunque algo diferente en sus términos, al apartado primero del artículo 52 de nuestra ley del Gran Jurado, que dice:

"Sec. 52.—*    *    *

"1. Cuando no se hubiere substanciado (found), endosado, o presentado de acuerdo con las disposiciones de esta Ley."

La regla es que cuando un Gran Jurado desestima una acusación, la acusación se sobresea y se le devuelva al acusado su libertad. La excepción consiste en que el acusado,

no obstante, sea sometido por el mismo delito a otro Gran Jurado. El principio descansa en el derecho que tiene todo acusado de no quedar sujeto indefinidamente a una acusación y así asegurarle un juicio rápido, y la excepción de someterlo de nuevo por el mismo cargo, tiene que apoyarse en una "buena causa." La ley no define lo que debe entenderse por estas últimas palabras, pero parece que su propósito, ante la dificultad de definirlas con precisión, es, referir su definición a las circunstancias concurrentes en cada caso. Estos principios que se mantienen en el caso de *Ex parte Bull*, 42 Cal. 199, se amplían, diciendo:

"Debe haber indudablemente algún hecho o circunstancia demostrado a la corte y en virtud del cual su autoridad en este respecto, que es hasta cierto punto discrecional, podría ejercitarse. Su discreción no es arbitraria pero debe proceder de acuerdo con aquel conocimiento e información que la pondrían en condiciones de determinar por sí misma si la justicia pública exige o no la ulterior detención del preso a pesar de la demora por parte del gobierno. Creemos que debe admitirse además que ordinariamente esta discreción cuando es ejercitada por la corte a que la ley la ha conferido no está sujeta a revisión, y que cuando es ejercitada, la suficiencia o insuficiencia de los motivos en virtud de los cuales se procedió no puede ser examinada por esta corte mediante un auto de *habeas corpus*."

Pero en dicho caso se declaró que era incuestionable que la circunstancia sobre la cual actuó la corte inferior al dictar su orden, fué en absoluto insuficiente. El Gran Jurado había emitido su informe declarando infundada la acusación, pero recomendaba al mismo tiempo, que el caso fuera sometido al próximo Gran Jurado; interpretando esta mera circunstancia que sirvió de base para la sumisión del caso a otro Gran Jurado, la opinión de la corte, dice:

"El Gran Jurado en esta ocasión parece haber asumido el ejercicio de la discreción que sólo pertenecía a la corte, y la corte parece haber expedido la orden como una mera deferencia a la opinión expresada por el Gran Jurado, y sin investigación o información alguna con respecto a las circunstancias del caso ante ella. La ma-

nifestación de que la orden no fué hecha por otro motivo sino la mera presentación de esta recomendación equivale a expresar en los autos que no se había demostrado una buena causa—ninguna causa— y cuando esa circunstancia aparece no hay facultad para hacer que el preso continúe detenido.''

El estatuto de Idaho es idéntico al de California, y la Corte Suprema de aquel estado lo ha interpretado en el mismo sentido que hemos visto en el caso de *Ex parte Clark, supra,* el cual se cita en las decisiones de Idaho.

La sección 5323 del Código Penal de Idaho, dice:

''La desestimación de la acusación no impide que pueda volverse a someter a un gran jurado cuantas veces la corte lo ordene, pero a falta de tal orden no puede ser sometida de nuevo.''

En los Códigos Anotados de Idaho, vol. 4, p. 260, aparece la siguiente nota a la sección 5323, *supra:*

''Para autorizar el que vuelva a ser sometida una acusación que ha sido declarada infundada por un gran jurado a otro gran jurado, que ha de ser luego constituido, debe demostrarse buena causa para así hacerlo.—In re Moragne (Idaho), 53 Pac. 3. Al considerar este artículo y llegar a la anterior conclusión, la corte interpreta este artículo conjuntamente con los 8212 y 5674 de este Código, y en ello está apoyada por varios casos de California, entre los cuales se encuentran ex parte Moan, 65 Cal. 216, 3 Pac. 644; ex parte Clark, 54 Cal. 415.''

En el mismo tomo, página 385, aparece otra nota al artículo 5673 del Código Penal de Idaho:

''Es erróneo poner a una persona bajo fianza para responder de acusación por un delito grave, después que la acusación ha sido imparcial y totalmente investigada por un gran jurado, que la declaró infundada, en ausencia de demostración alguna de conducta impropia por parte del gran jurado, cuando no aparece que otra prueba que la considerada por el primer gran jurado, tendente a demostrar la culpabilidad del acusado, puede, con razonable diligencia, ser presentada a otro gran jurado, que ha de ser constituido en el próximo término de sesiones de la corte de distrito.—In re Moragne (Idaho), 53 Pac. 3. Pero el examen y desestimación de una acusación por un gran jurado no destruye el derecho del fiscal

del distrito a presentar una acusación por el mismo delito dentro del término estatutorio.—*Ex parte Moan,* 85 Cal. 216, 3 Pac. 808.''

En ausencia de un estatuto parece que las autoridades no están de acuerdo en cuanto a la autoridad del gobierno para someter de nuevo el mismo delito a otro gran jurado cuando la acusación había sido desestimada por otro gran jurado. Pero existiendo un estatuto que se prescribe expresamente que tal cosa no puede hacerse sin permiso de la corte, carecen de importancia las diferencias de opinión en ese sentido.

''Se ha resuelto aún en ausencia de un estatuto que cuando una acusación ha sido desestimada o devuelta 'no fundada' por el gran jurado, el fiscal no puede someter otra acusación por el mismo delito sin el permiso de la corte, el cual aunque esté dentro de la discreción de la corte no será concedido a menos que se demuestre la debida causa. Pero, por el contrario, se ha resuelto que el Fiscal puede, sin obtener primero permiso de la corte, someter a un gran jurado cargos que un gran jurado anterior ha desestimado. En algunas jurisdicciones se prescribe por el estatuto expresamente que, cuando el gran jurado no declara fundada una acusación, el cargo puede ser nuevamente sometido tantas veces como la corte pueda ordenarlo, pero que no volverá a ser sometido sin tal mandato.'' 31 C. J. p. 587.

En el presente caso no aparece de la moción del Fiscal motivo ni razón alguna en que fundar su petición para someter la acusación a otro Gran Jurado y asimismo la orden de la corte inferior siguiendo simplemente la petición Fiscal, está en absoluto desprovista de hechos o circunstancias que la justifiquen. El mero permiso de la corte inferior, basándose simplemente en el artículo 39 de la Ley del Gran Jurado, y refiriendo en todo caso el asunto a esta Corte Suprema para que la ley fuese interpretada por tratarse de una ley nueva, no justificó la actuación de la corte inferior quien debió considerar la petición del Fiscal en sus méritos y ejercer su discreción en el sentido que aconsejaran los hechos o circunstancias concurrentes en el caso.

Nos parece, sin embargo, que dada la naturaleza del delito que se imputa al acusado, sería mejor dar una oportunidad al Fiscal para aducir, si lo creyere conveniente en bien de la justicia, las razones o hechos en que fundara su petición para someter el caso de nuevo a otro gran jurado y la corte podría entonces ejercer o nó su discreción en el sentido que tales hechos o circunstancias lo exijan.

Por todo lo expuesto la orden de la corte inferior de 29 de octubre de 1923 debe ser *revocada y devuelto el caso* para ulteriores procedimientos no incompatibles con esta opinión.

Los Jueces Asociados Sres. Wolf y Aldrey disintieron.