[No. 10,314.]

## EX PARTE CAHILL.

BAR TO A SECOND ARREST FOR A FELONY.—If a defendant has been held to answer by a Justice of the Peace for a felony, and the Grand Jury then recommend that it be referred to the next Grand Jury, and the County Court then order that the defendant be discharged from custody, the order is not. a bar to another prosecution of the defendant for the same offense.

IDEM.— In such case the defendant may be again examined before a Justice of the Peace and held for the same offense.

Application to the Supreme Court to be discharged on *habeas corpus.*

On the 6th day of July, 1877, an information was laid before D. Hopkins, a Justice of the Peace at Stockton, San Joaquin County, charging E. N. Cahill with the crime of murder. The defendant was arrested on a warrant issued by the Justice, and after an examination, he was, on the 24th day of July, held to bail for murder in the second degree, in the sum of ten thousand dollars, and, in default of bail, was committed to jail.

The depositions and papers were by the Justice sent to the County Court, and the Grand Jury, at the September Term, 1877, recommended that the case be referred to the next Grand Jury. Afterward, and on the 15th day of September, 1877, the County Court made an order discharging the defendant from custody.

On the 19th day of September, 1877, J. L. Mowbray, a Justice of the Peace in Stockton, San Joaquin County, on an information laid before him, charging said Cahill with the same crime, issued a warrant for his arrest, and placed it in the hands of Thomas Cunningham, the Sheriff of San Joaquin County, who arrested him, and he was by the Justice committed to the custody of the Sheriff for examination. On the 27th of September, 1877, the County Court made an order resubmitting the case to the next Grand Jury. The Sheriff returned to the writ of *habeas corpus* that he held the defendant by virtue of the warrant and order of Justice Mowbray, as well as the order of the County Court submitting the case to the next Grand Jury.

*E. McStay* and *J. H. Budd & Sons*, for the Petitioner, argued that the Court to which the depositions were returned after an examination, must inquire into the alleged offense through the first Grand Jury; and that if such Grand Jury returned the depositions to the Court dismissing the charge, it could not be referred to another Grand Jury, and cited Penal Code, sec. 941; and that a Justice of the Peace could not afterward order the arrest of the defendant. They also argued that an examination of a defendant on a criminal charge was not a prosecution in the sense in which the word was used in the Penal Code in secs. 682 and 888.

*Jo Hamilton, J. Hosmer,* and *W. L. Hopkins,* for the People.

By the Court:

1. The order of dismissal of the charge made in the County Court did not operate a bar to another prosecution for the same offense, and would not have so operated, even if the case had not been subsequently resubmitted by that Court to the Grand Jury, for the offense with which the prisoner is charged is not a mere misdemeanor, but a felony. (Penal Code, sec. 1387.)

2. No bar to another prosecution having occurred, and the prisoner being at large without bail in consequence of the order of the County Court discharging him from custody, it was competent for any committing magistrate of the proper county to examine the charge made against him, and if, upon such examination, he appeared to be guilty, to hold him to answer. As observed already, the dismissal of the charge in the County Court did not bar another prosecution for the alleged offense; and although it be true, as claimed by the counsel for the prisoner, that the preliminary examination of the prisoner before a committing magistrate is not a "*prosecution*" in a strict sense, and within the express definition of the Penal Code, it is nevertheless a proceeding ancillary and looking to a prosecution, and without which a prosecution would ordinarily be utterly ineffectual to subserve the ends of justice.

The prisoner must, therefore, be remanded to the custody of the Sheriff of the County of San Joaquin, and it is so ordered.