[No. 10,481.]

# Ex Parte CLARKE.

CRIMINAL LAW.—DISMISSAL OF PROSECUTION.—Under the Penal Code, § 1,382, when a grand jury has dismissed a charge against a defendant, the Court, at the end of the term, must dismiss the action against him, and discharge him from custody; unless it have reason to believe that the jury in attendance at the succeeding term may properly indict him.

ID.—ID.—RESUBMISSION OF A CHARGE TO A GRAND JURY.—Upon such a dismissal, the power of the Court, under Penal Code, § 942, to resubmit the charge to a grand jury, ceases.

ID.—ID.—ID. — Such a dismissal is in the nature of a judgment of nonsuit; and, as the defendant in such case, has never been put in jeopardy, within the meaning of the Constitution, it is not a bar to another prosecution. It ends the action commenced by the complaint upon which the magistrate issued his warrant of arrest; but a new action on behalf of the people may be commenced at any subsequent day, either by presentment of a grand jury, or by a complaint filed with any magistrate.

WRIT of *habeas corpus.*

The facts are stated in the opinion.

*E. D. Sawyer,* and *D. W. Murphy,* for petitioner.

*E. M. Gibson,* District Attorney, and *W. W. Foote, contra.*

In bank, McKinstry, J.:

At the conclusion of term of the County Court, at which a charge of murder against the petitioner had been *resubmitted* to the grand jury, under § 941 of the Penal Code, (the grand jury having dismissed the charge) the Court made an order discharging the petitioner, and releasing the sureties upon his bail bond.

Petitioner was afterward arrested under a warrant issued on a complaint filed with a Justice of the Peace, charging him with the crime of murder, and is now in custody, pending his examination before such Justice as a committing magistrate.

Sections 941 and 942 of the Penal Code are as follows:

"Sec. 941.—If twelve grand jurors do not concur in finding an indictment against a defendant who has been held to answer, the depositions and statement, if any, transmitted to them must be returned to the Court, with an indorsement thereon, signed by the foreman, to the effect that the charge is dismissed.

"Sec. 942.—The dismissal of a charge does not prevent its resubmission to a grand jury as often as the Court may direct. But without such direction it cannot be resubmitted."

These sections are to be considered in connection with the following:

"Sec. 1,382.—The Court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense, if an indictment is not found against him at the next term of the court of which he is held to answer;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found.

"Sec. 1,383.—If the defendant is not indicted or tried, as provided in the last section, and sufficient reason therefor is shown, the Court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody on his own undertaking of bail for his appearance

to answer the charge at the time to which the action is continued.

" Sec. 1,384.—If the Court directs the action to be dismissed, the defendant must, if in custody, be discharged therefrom; or if admitted to bail, his bail is exonerated, or money deposited instead of bail must be refunded to him."

It will be observed—reference being had to § 942 alone—that when a *charge* has been dismissed by a grand jury, it is entirely within the discretion of the Court to resubmit it to the same or another grand jury, as often as the Court may direct. No showing is made a prerequisite to the resubmission; but, unless restrained by some other provisions of the Code, the power may be employed at the discretion of the Court. Section 1,382, however, makes it the duty of the Court, at the end of the term at which a party has been held to answer, to dismiss the *prosecution* or *action*, (the two following sections clearly indicating that the words are used synonymously) " unless good cause to the contrary is shown." Here, then, is a limitation upon the power of the Court to resubmit. Whatever may be good cause for refusing to dismiss the action, it is quite certain that no such cause can exist, unless, upon the facts presented or suggested, the Court has reached the conclusion that the case is one which might properly be submitted to another grand jury. It would be morally absurd to order that a defendant should be kept in custody until the next term, when the Court was convinced that it was not a case which in any event should be examined by the grand jury to be impannelled at the next term. When a grand jury has dismissed a *charge* against a defendant, the Court, at the close of the term must dismiss the *action* against the same defendant and discharge him from custody, (§ 1,384) unless it shall have reason to believe that the jury in' attendance at the succeeding term may properly indict him. If, therefore, the Court resubmits a charge once *ignored*, the resubmission must be at the same term, and must, of course, precede any action of the Court with reference to the dismissal of the *action*. It is only where the Court has determined *not* to resubmit the charge to another Grand Jury, that the order dismissing the *action* can properly be made. Until the action is dismissed — no indict-

ment having been found—the case remains for disposition in the Superior Court. But the order dismissing the *prosecution* ends the action commenced by the complaint upon which the magistrate issued his warrant of arrest. It ends the action, however, not by any judgment upon the merits of the case, but by an order in the nature of judgment of nonsuit—a simple expression of the opinion of the Court that that particular proceeding ought not to be further prosecuted.

Inasmuch as there is no limitation of time applicable to prosecutions for *murder*, and as a defendant in whose favor an order of dismissal of the action has been made, has never been put in *jeopardy* within the meaning of the Constitution, a new action on behalf of the people may, in such case, be initiated at any subsequent day, either by presentment of a grand jury or by a complaint filed with any magistrate.

As we have seen, if the Superior Court retains the power to resubmit a charge once or oftener dismissed by a grand jury, for any length of time after the *prosecution* has been dismissed, the power may be employed at the option of the Judge, or of any number of successive judges, without complaint, or evidence, or any cause shown. The practical difficulties inseparable from such a construction of the statute seem to have occurred to counsel, who suggested at the argument that the power should be exercised by the Superior Court only after the defendant had been rearrested under warrant issued out of that Court, and his case re-examined. To authorize such a proceeding, we would have to supplement the section of the Code with other sections providing for the issuing of such warrant, the admission to bail in certain cases, etc. In the first place, the language of § 942 is plain, and does not contemplate any new warrant and examination in such case; in the second place, we are not empowered to legislate or provide machinery which the law-makers have not provided, but which they have rejected; and, in the third place, no benefit would accrue to a party charged with crime, since the result of the proposed changes in the law would only be to confer on the Judge of the Superior Court in another form the same power which he now possesses in common with all other magistrates, to wit, the power to issue a warrant and to examine and hold to answer.

We have only to add, that the main question involved in the present application was expressly decided in *Ex parte Cahill*, 52 Cal. 463. In that case the facts were like those of the present; except that there the County Court had made an order resubmitting to "the next grand jury" *after* it had dismissed the action, or discharged the defendant from custody. But the Court did *not* there hold that the power to resubmit continued after the prosecution had been dismissed, and there could have been no pretense that the order of resubmission in and of itself constitutes a warrant or process which justified the Sheriff in restraining the party of his liberty. The Court, in terms, declared that the Sheriff was justified in holding his prisoner by the warrant of the Justice of the Peace. The Court say: "No bar to another prosecution having occurred, and the prisoner being at large without bail in consequence of the order of the County Court discharging him from custody, it was competent for any committing magistrate of the proper county to examine the charge made against him; and if, upon such examination, he appeared to be guilty, to hold him to answer. (52 Cal. 464.)

The prisoner must be remanded to custody. So ordered.

MORRISON, C. J., ROSS, J., THORNTON, J., SHARPSTEIN, J., and MYRICK, J., concurred.

McKEE, J., dissented.