THE PEOPLE, RESPONDENT, *v.* AYALA, APPELLANT.

Appeal from the District Court of Mayagüez.

No. 613.—Decided June 28, 1913.

APPEAL—CONTRADICTORY EVIDENCE.—When the evidence is contradictory neither the verdict of the jury nor the judgment of the court should be reversed unless it be shown that they were influenced by partiality, prejudice or passion or that manifest error was committed.

MOTION TO QUASH—DELAY IN FILING INFORMATION—DISCRETION OF COURT.—Although the ruling on the defendant's motion to quash the information because the period of 60 days had expired before the *fiscal* filed said information, is within the discretion of the trial court, said discretion is dependent upon whether the reasons alleged by the *fiscal* or brought to the cognizance of the court in some other manner are sufficient to justify the delay, for the provisions of section 448 of the Code of Criminal Procedure are mandatory.

ID.—CONSTRUCTION OF LAW—DELAY IN FILING INFORMATION—REASON FOR DELAY.—The provisions of section 448 of the Code of Criminal Procedure require that in cases of both felony and misdemeanor the information should be filed within 60 days after the commission of the crime, and it is the duty of the court to order that the information be quashed when there are no good and sufficient reasons to justify the delay in filing it.

ID.—DELAY IN FILING INFORMATION—GOOD REASONS FOR DELAY—AWAITING RESULT OF WOUNDS.—The victim in this case died on October 21, 1912, as a result of the wounds received on September 10, 1912. The accused was arrested on October 24, 1912, and from said date to February 10, 1913, when the information was filed, more than the 60 days prescribed by law had elapsed. It was held that the reasons given by the *fiscal* to justify the delay in filing the information, said reasons being based on the necessity of awaiting the result of the wounds received by the victim, were insufficient and that the district court erred in overruling the motion of the accused to quash the information.

ID.—TIME TO MAKE MOTION TO QUASH—WAIVER.—Although it is the general rule that the proper time to make a motion to quash the information on the ground that it was filed after the expiration of the 60 days prescribed by law is at the time of the arraignment or immediately after the expiration of the 60 days, the failure of the accused to follow this rule does not destroy his right to make said motion at any time before the trial, but if said motion is made after the trial or after the jury is empaneled, said right of the accused may be considered as waived.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Angel A. Vázquez* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case was convicted of the crime of involuntary manslaughter and condemned to four years' imprisonment in the penitentiary at San Juan. From this judgment he took an appeal to this court on the first of April last and the case was heard here on the 24th of the present month on briefs filed by both parties and oral argument on the part of the *fiscal*.

Two grounds are alleged by the appellant through his counsel for the reversal of the judgment rendered in the court

below.    These are, first, that the court erred in overruling
the motion to quash the information, and, second, that the
verdict of the jury is contrary to the evidence.    We will con-
sider these in the reverse order.    The evidence is contradic-
tory in regard to the main facts of the case, three witnesses
testifying in behalf of the accused that Juana Mercado, the
deceased, was not present at the time and place at and in
which it is alleged she received her death wound and only
one witness testifying that she was present and was struck
by the defendant, Primitivo Ayala.    The judge of the trial
court gave a lengthy and explicit charge to the jury, in which
he reviewed the evidence fully and instructed them in what
way to consider the same in arriving at the truth in regard
to the matters alleged.    No complaint is made of this charge.
The verdict of the jury was against the accused, finding him
guilty not of voluntary manslaughter, but guilty of involun-
tary manslaughter, thereby giving credit to the one witness
who testified to the guilt of the defendant over that of the
three witnesses who supported his innocence.    As the evi-
dence was conflicting and there is nothing in the record to
show that any improper motives influenced the jury or the
court in the verdict or the judgment or to disclose any mani-
fest error, they cannot be disturbed for the reason assigned,
that the verdict is contrary to the evidence.

Then we pass to the consideration of the other ground
alleged for the reversal of the judgment, to wit, the error of
the trial court in refusing to quash the information.    From
the statement of the case we find that before proceeding to the
selection of the jury the accused, through his attorney, made
an oral motion based on the first paragraph of section 448
of the Code of Criminal Procedure soliciting the dismissal
of the information presented in this case, because the *fiscal*
had presented it to the court after the expiration of more
than 60 days from the time that the accused was arrested in
this cause on October 24, 1912, the information being filed

on February 10, 1913. Section 448 of the Code of Criminal Procedure reads as follows:

"Section 448.—The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

The *fiscal* opposed this motion alleging as a reason that although it was true that the wound had been received on September 10 he had to await the final result of the wound, which did not take fatal effect until October 21, and that after this date the *fiscal* was absent and the case was in course of study and preparation of the evidence until the presentation of the information and that, besides, when the accused was brought into court he waived whatever objection he might have had to the delay by entering a plea of not guilty. The trial judge dismissed the motion to quash the information, giving his reasons in the following terms:

"Leaving aside the reasons which were presented by the *fiscal* to show why the information was filed after the term of sixty days had expired from the arrest of the defendant in this cause, the court is of the opinion that as soon as the information is presented, as it was so presented on February 10, 1913, and the defendant summoned for his arraignment, which was held on the 17th of the same month and year, the latter having made no objection during the same to the filing of the information or the motion for nonsuit that he now files on the grounds upon which he relies at present, the court thinks that the defendant waived his right to file said motion for nonsuit for the reasons stated. The court, on the other hand, is of the opinion that if this were a misdemeanor or where a dismissal of the action is equivalent to an acquittal of the defendant and, therefore, that no information could be again presented for the same cause it being thus prohibited by law, if in said case the matter under consideration

should be a misdemeanor, the provision of law, as it is thought by the court, is mandatory and the action would have to be dismissed at the expiration of the term of sixty days, between the date of the arrest and the filing of the information. But as this is a case of felony the dismissal of the prosecution would not amount to an acquittal of the defendant inasmuch as the *fiscal* would be entitled, with leave of the court, to file a new information against the defendant for the same crime, which action could not be prevented by reason of the dismissal. And this being the case, the court thinks that by granting a motion to satisfy the wishes of the defendant himself the ends of justice would be almost defeated, which finally would only cause a delay in the proceedings, in view of the fact that the defendant could be again detained by the *fiscal* and the action begun anew, and the suit would not terminate until the court should render a judgment after considering the evidence. For these reasons the court dismisses the motion.''

It is true, as contended by the *fiscal,* that the disposition of such a motion as the one presented here is left largely to the discretion of the trial court, it being its province to decide upon the question as to whether or not there is good cause shown to justify the delay in the presentation of the information. See *The People* v. *Falcastro,* 17 P. R. R., 91; *Ex parte Lizardi,* 7 P. R. R., 352, 353; *The People* v. *Quilichini,* 7 P. R. R., 261, 262; *Ex parte Arroyo,* 15 P. R. R., 119; *The People* v. *Rivera, alias Panchito,* 9 P. R. R., 454. There are many other cases commenting upon this section, but these are the leading ones and make reference to the others. It will be observed that the trial court in this case failed to exercise the discretion confided to it by the law and based its decision not on the cause shown for the delay in the presentation of the information, but on the ground that the accused, when brought into court for arraignment, waived any objection which he might have to the information by entering his plea of not guilty. On a careful review of the opinion given by the trial judge in support of this ruling we are compelled to regard the interpretation which was then and there put upon section 448 of the Code of Criminal Procedure as erro-

neous. If this construction of the said statute should be
accepted, it would be equivalent to a practical repeal or direct
disregard of the intent of the Legislature in cases of felony
and the effect would be to confine section 448 to misdemeanor
cases only. When the time prescribed by the law has expired
for the presentation of the information and the accused seeks
to have the charge against him dismissed on that ground it
is necessary that some good and sufficient reason should be
presented by the *fiscal,* or found by the court from other
sources, to explain the delay. If no such reason is apparent,
it is the duty of the court to order the dismissal. The court
has no discretion in the matter independent of the good cause
shown which is mentioned by the statute. The law in regard
to the matter is mandatory. The discretion of the court is
confined to determining whether or not the cause for the delay
is sufficient, but if no reason whatever is presented by the
*fiscal* or otherwise found by the court, there is nothing on
which judicial discretion can be exercised. Then, the District
Court of Mayagüez ought not to have brushed aside the rea-
sons advanced by the *fiscal* without taking them into consid-
eration at all and should not have decided this motion on
other grounds which are not prescribed by the statute and
which the law does not justify. The *fiscal* presented three
reasons to excuse this delay. The first, which is worthy of
consideration, is that he was under the necessity of await-
ing the result of the wound—that is to say, while the woman
was in the hospital being treated during the 40 days which
ensued before her death. Of course, the officer could not
determine prior to her death or recovery whether an infor-
mation should be presented for manslaughter or for assault,
aggravated or otherwise. But we believe that in all cases
proceedings should be promptly taken and that on many occa-
sions it is not necessary to wait for the final result of the
wound and that an information could be presented, for exam-
ple, for assault with intent to murder, and if the victim after-
wards dies within the year and the day prescribed by law

from the result of the wounds which had been received, the accused could be prosecuted for murder or manslaughter, as the facts might require.

The second reason assigned by the *fiscal* for the delay was that he was absent, without attempting in any manner to explain the reasons existing for such absence. This is entirely insufficient and does not deserve a moment's consideration.

The same may be said of the third reason assigned by him, that he was engaged in the study and preparation of the evidence, without attempting to show in any manner why the case should require such a long course of study and preparation. In fact, the record shows that the matter was investigated by the municipal judge and the evidence collated and prepared by him for the use of the *fiscal*.

Even if the first reason was accepted as a good one, the facts do not sustain the position assumed by the *fiscal*. The fatal blow was struck on September 10, 1912, and the injured woman died on October 21 following, more than 40 days thereafter. Passing over the period of time which elapsed between these dates, and taking as the point of departure the date even subsequent to the death of the wounded woman, or, say, October 24, 1912, on which day it appears from the record that the accused was arrested, it results that from said date until February 10, when the information was presented, there had elapsed much more than 60 days, the time fixed by the statute, and, therefore, the district court, in view of the fact that the reasons presented by the *fiscal* were manifestly insufficient, ought to have ordered the dismissal of the information, and in not doing so committed a fundamental error which requires the reversal of the judgment from which this appeal has been taken.

With regard to the argument of the *fiscal* maintaining that the motion for dismissal was presented too late, we would say that the said motion having been filed before the jury was empaneled to sit upon this case was in ample time.

It is true that generally these motions should be presented at the time of the arraignment, or better still, immediately after the expiration of the time fixed by the law for the presentation of the information or for the holding of the trial, but delaying to make such a prompt presentation of his motion does not destroy the right of the accused to file it at any time before the trial of the case. If such a motion should be presented after the trial, or even after the jury is empaneled, then, according to the decisions of the Supreme Court of California, the right of the accused may be considered as waived by implication. *The People* v. *Hawkins,* 127 Cal., 372.

The statute of California on this same subject is entirely similar to ours, being in the same words except as to the time allowed for the presentation of the information. For a clearer understanding of the scope of section 448 of our Criminal Code we may make an extract from a decision rendered by the Supreme Court of California.

"The defendant was convicted in the court below of the crime of larceny, and sentenced to the state's prison for the term of four years. In support of his appeal to this court, he contends that the court below erred in overruling a motion made by him to dismiss the case. The motion to dismiss was made on the ground that he was not given a speedy trial. It was shown or stipulated, in support of his motion, that the information against him was filed on the seventh day of August, 1888; that he was arraigned and entered his plea of not guilty on the twelfth day of the same month; and that he had never made any application for, nor was there any postponement of, the action in his behalf or on his application. The motion to dismiss was made on the nineteenth day of March, 1889. No showing was made on the part of The People, or any attempt made to show any valid reason for delay. The Constitution guarantees a speedy and public trial to every person charged with crime. (Const., art. 1, sec. 13). The legislature has provided what shall constitute a reasonable time within which a defendant shall be brought to trial. Section 1382 of the Penal Code provides: 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: 1. When a person has been held to answer for a public offense, if an indictment is not found or an information filed

against him within thirty days thereafter; 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the filing of the indictment or filing of the information.' The court below, in denying the defendant's motion, said: 'The question you raise I have considered before, and under my construction of the law, it is discretionary, and not mandatory, and I will presume that the court was engaged in the trial of other causes.' We think this is not a proper construction of the law. A party charged with crime has the constitutional right to a speedy trial, and the court has no discretionary power to deny him a right so important, or to prolong his imprisonment without such trial beyond the time provided by law. The statute is imperative. 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed.' Here no cause for delay was shown. It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it. Under the facts as shown the case should have been dismissed, and it was error to deny the motion. As to what is meant by a speedy trial, independent of a statute like ours, see *Nixon* v. *State,* 41 Am. Dec., 601, and note 604. Under a statute similar to ours, the Supreme Court of Kansas held that a defendant was entitled to be discharged on a writ of *habeas corpus* where his case had not been tried as required by statute. (*In re McMicken,* 39 Kan., 406.)" *People* v. *Morino,* 85 Cal., 516, 517.

It has also been said by the same supreme court that the sickness of the trial judge or any one of the jurors after the evidence has been introduced, or the fact that the court is busy in the trial of other causes, may be considered as a sufficient reason for the delay of the trial of a case. *People* v. *Cline,* 74 Cal., 575; *People* v. *Giesea,* 63 Cal., 345; *People* v. *Buckley,* 116 Cal., 146; *Ex parte Fennessy,* 54 Cal., 101; *Ex parte Clarke,* 54 Cal., 412.

Then, carefully considering the whole record, the arguments and the authorities on this point, we are of the opinion that the court below has made a serious error in over-

ruling the motion presented for the dismissal of the infor-
mation.

For these reasons the judgment should be reversed and
set aside and the cause remanded to the court below with
instructions to proceed in the further consideration of this
case in accordance with the principles of law set forth in this
opinion.

> *Reversed with instructions to the lower court*
> *to proceed in accordance with this opinion.*

Chief Justice Hernández and Justices del Toro and Aldrey
concurred.

Mr. Justice Wolf signed stating that he concurred in the
judgment.