## EL PUEBLO, DEMANDANTE Y APELANTE, *v.* JUSTINIANO, ACUSADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por seducción.

No. 1960.—Resuelto en diciembre 18, 1922.

GRAN JURADO—ACUSACIÓN—SOBRESEIMIENTO DE LA ACUSACIÓN.—Cumple con las disposiciones de la sección 39 de la ley de 1919 estableciendo el Gran Jurado, una orden sobreseyendo la acusación que imputa al acusado el mismo cargo que había sido desestimado por un Gran Jurado y que fué sometido a otro Gran Jurado sin orden de la corte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José E. Figueras, Fiscal.*

Abogado del apelado: *Sr. A. A. Vázquez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La presente es una apelación interpuesta por el fiscal contra una orden de la corte de distrito desestimando una acusación.

El 14 de junio de 1922 se leyó al acusado una acusación formulada el 10 del mismo mes mediante información del Gran Jurado. Solicitó el sobreseimiento de la misma "porque ya al acusado se le hizo el mismo cargo ante otro Gran Jurado y fué desestimado, según consta en el récord del caso Núm. 351 de asuntos criminales de esta Honorable Corte, que han sido archivados, y este nuevo cargo de ahora ha sido sometido a otro Gran Jurado sin haberse obtenido orden ni autorización de esta Honorable Corte."

Probada la certeza de los hechos alegados, la corte sobreseyó la acusación y el fiscal estableció el recurso.

La ley aplicable es la sección 39 de la Ley Núm. 56 de 1919 estableciendo el Gran Jurado, que dice así:

"La desestimación de cualquier cargo por el Gran Jurado impedirá la sumisión del mismo cargo a otro Gran Jurado, salvo orden de la Corte."

La cuestión es tan clara que no se concibe la interposición del recurso.

Cita el fiscal la jurisprudencia establecida por la Corte Suprema de California en *Ex parte Clark*, 54 Cal. 412, que, interpretando un precepto de ley esencialmente igual al nuestro, dice:

"Tal sobreseimiento tiene la naturaleza de una sentencia de *nonsuit;* y, toda vez que el acusado en tal caso nunca ha sido expuesto por el mismo delito, dentro del significado de la Constitución, no es un obstáculo para otra acusación. Termina el caso comenzado por la acusación bajo la cual el juez libró la orden de arresto; pero un nueva acusación del pueblo puede ser presentada en cualquier día subsiguiente, ya por información del Gran Jurado o por una acusación presentada al juez."

La jurisprudencia es sabia y se acepta, pero ella no dice que para la presentación de la nueva acusación deje de necesitarse la orden de la corte exigida por la ley.

Debe confirmarse la orden recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.