EL PUEBLO, DEMANDANTE Y APELADO, *v.* FELICIÉ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por acometimiento y agresión grave.

No. 2006.—Resuelto en febrero 19, 1923.

*Former Jeopardy*—SOBRESEIMIENTO.—Una sentencia del Tribunal Supremo ordenando el sobreseimiento por no haberse presentado la acusación dentro de 60 días contados desde la detención (art. 448 del Código de Enjuiciamiento Cri-

minal) no impide la presentación de una nueva acusación por el mismo delito cuando se trata de un *felony*.

ID.—La alegación de anterior sentencia absolutoria envuelve una cuestión de derecho cuya resolución compete a la corte y no al jurado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. R. Aponte.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

El apelante fué acusado de mutilación y celebrado el juicio se le declaró culpable de un delito de acometimiento y agresión grave. No conforme con la sentencia se interpuso el presente recurso de apelación.

El acusado al serle leída la acusación presentó como defensa la siguiente alegación: "el acusado contestando la acusación que se le ha leído alega haber sido ya absuelto del delito imputádole, por sentencia del Tribunal Supremo de Puerto Rico, de fecha 14 de julio de 1922," y la sentencia a que alude el acusado, dice:

"EN LA CORTE SUPREMA DE PUERTO RICO.—El Pueblo de Puerto Rico, demandante y apelado, *vs.* Manuel Felicié.—No. 1944.—Apelación procedente de la Corte de Distrito de Arecibo.—SENTENCIA.— San Juan, Puerto Rico, julio 14, 1922.—Por los fundamentos de las opiniones de esta Corte emitidas en los casos de *El Pueblo* v. *Otero,* resuelto en abril 7, 1922, y de *El Pueblo* v. *Laguerra,* decidido en abril 25, 1922, este tribunal resuelve revocar, como revoca, la sentencia dictada por la Corte de Distrito de Arecibo, en el caso arriba expresado en febrero 18, 1922, y sobreseer, como sobresee, la acusación.—Comuníquese en la forma y a los fines procedentes.   *   *   * "

La corte inferior desestimó la anterior alegación del acusado, y éste es el único error que el apelante apunta en su alegato, agregándose además que la corte inferior cometió el error de no haber dejado esa cuestión a la decisión del jurado.

La sentencia citada por el apelante y que ha servido de base a su moción, se funda a su vez en el artículo 448, inciso

1°. del Código de Enjuiciamiento Criminal; y esta prescripción legal sólo autoriza el sobreseimiento del proceso o acusación en caso de no justificarse la dilación en presentarse la acusación dentro del término de 60 días. Pero esta declaración de la ley no envuelve, tratándose de un *felony,* la significación de una sentencia absolutoria que impida que se presente una nueva acusación por el mismo delito, pues esto está expresamente determinado por el mismo Código de Enjuiciamiento Criminal en su artículo 452, que dice:

"Art. 452.—Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un *'misdemeanor'* (delito menos grave) ; pero no así cuando el delito es un *'felony'* (delito muy grave)."

En el presente caso se trata de una mutilación que es un *felony* y el sobreseimiento de la acusación que había sido decretado por la sentencia anterior de esta corte, no impedía la nueva acusación que fué presentada y en virtud de la cual resultó el acusado declarado culpable del delito menor de acometimiento y agresión grave.

En el caso de *El Pueblo* v. *Portela,* 27 D. P. R. 261, se decidió por esta corte lo siguiente:

\* \* \* "El Fiscal considera uno de ellos, o sea el de que el veredicto fué insuficiente y está conforme en que la sentencia apelada debe ser revocada y devolverse el caso para la celebración de un nuevo juicio. A esto opone el apelante que tal nuevo juicio lo pondría en peligro por segunda vez. Está equivocado el apelante en esta contención. Después de una condena está impedido el acusado de alegar una condena anterior cuando tal sentencia condenatoria ha sido revocada debido a error, a virtud de apelación o auto de error establecido por él mismo. *U. S.* v *Ball,* 163 U. S. 662, 672; *People* v. *Mooney,* 132 Cal. 16; 63 Pac. 1070, 12 Cyc 278; 8 R. C. L. 160; *People* v. *McFarlane,* 138 Cal. 481; 61 L. R. A. 245; *People* v. *Tong,* 155 Cal. 579; 24 L. R. A. (N. S.) 481. La revocación anula por completo el juicio anterior y deja a las partes en igual situación que si no se hubiera celebrado ningún juicio. Artículo 302, Código de Enjuiciamiento Criminal."

Y en California, de donde proviene el artículo 448 supra, que es el equivalente al 1382 del Código Penal de aquel Estado, se tiene declarado que un sobreseimiento de la acusación contra un acusado de acuerdo con dicho artículo es a manera de una sentencia de sobreseimiento (*nonsuit*); y como el acusado no ha estado expuesto· (*in jeopardy*) no es obstáculo para la presentación de otra acusación; *Ex parte Clark,* 54 Cal. 412; *Ex parte Cahill,* 52 Cal. 463 y *Ex parte Bull,* 42 Cal. 196. Véase asimismo *People* v. *Schmidt,* 64 Cal. 260, en relación con el artículo 452, *supra,* equivalente al 1387 del Código Penal de California.

La corte inferior, por tanto, procedió de acuerdo con la ley y la jurisprudencia al denegar la alegación de una sentencia absolutoria anterior por el mismo delito; y del mismo modo no cometió error de que tal alegación no era procedente someterla a la decisión del jurado por tratarse más bien de una cuestión de derecho de la competencia exclusiva de la corte, como así lo hizo al resolverla.

Por las razones expuestas, la sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.